ELECTRONIC

**OCT. 3, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# 08-Civ-81133-RYSKAMP/VITUNAC

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. _____ – Civil

| | |
|---|---|
| HARRY ABRAMOWSKI, individually and on behalf of all others similarly situated,      : | |
| : | |
|     Plaintiffs,      : | |
| : | |
| vs.      : | **COMPLAINT- CLASS ACTION** |
| : | |
| MAGICJACK LP, a Delaware limited partnership; YMAX Corp., a Delaware corporation; and DANIEL BORISLOW.      : | |
| : | |
|     Defendants.      : | |

## CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff alleges the following upon his personal knowledge and with evidentiary support, where specifically so identified, and elsewhere, upon information and belief and investigation of counsel formed after a reasonable inquiry under the circumstances, allegations which are apt to have evidentiary support after a reasonable opportunity for further investigation or discovery:

### INTRODUCTION

1.      Defendants MagicJack LP, YMAX Corp., and Daniel Borislow (collectively, "defendants") charged unauthorized fees and other charges to plaintiff and consumers who purchase defendants' "MagicJack" product.  These unlawful fees were posted without authorization to plaintiff's and consumers' credit and debit cards.  Further, defendants'

"customer service" program appears to prevent reimbursement or materially frustrate consumers who seek to void the unauthorized charges, ensuring consumers are "on the hook" for such charges, without remedy or recourse. Defendants have received or had posted thousands of consumer complaints across the country about these issues, yet their false advertising, unauthorized billing, and failure to provide any meaningful remedy to aggrieved consumers continues.

2.      MagicJack is a Voice over Internet Protocol ("VoIP") product. MagicJack is a small electronic device, which purports to provide low or no cost local and long distance telephone services using a consumer's computer and Internet service.

3.      Defendants advertise MagicJack via their website and through a national television infomercial campaign. Defendants' infomercial misrepresents the timing and amount of money consumers are charged for the MagicJack by assuring them:

"You Pay Nothing For The First 30 days"

"100% Risk Free. YOU OWE NOTHING."

"Now the best part about the MagicJack is it's not even a 30-day money back guarantee! Forget that!"

"You are not going to pay a penny, not a cent, not a centavo, zero, nada, nothing for the first 30 days!"

"And this deal is so risk free we'll even cover the postage to return it."

4.      Through their Internet website, defendants also uniformly represent to all consumers the MagicJack product includes a free 30-day trial period during which the consumer will not be charged for the MagicJack product. Defendants' website promises consumers, among other things, a "100% Risk Free 30 Day Free Trial" of the product.

2

5.      Defendants' uniform advertising is false and misleading.  Contrary to their uniform public promises and representations, defendants charge MagicJack consumers' credit and debit cards immediately upon requesting the free trial, failing to provide the promised 30-day free trial period.  Defendants then frustrate consumers who seek to return the MagicJack product after the unauthorized charges appear on their billing statements. Plaintiff and consumers (i) never receive the promised free trial, (ii) are subject to unauthorized charges, and (iii) cannot return the MagicJack product after discovering the nature of the false advertisement and unauthorized charges.

6.      If consumers discover the improper charges on their credit or debit card statements, they often are unable to void the purchase or obtain refunds.  This practice thus appears designed to frustrate consumers who seek refunds.  Although consumers can order MagicJack by telephone, after accepting the offer of a MagicJack free trial, consumers are forced to submit returns using an online "chat" service to contact defendants concerning problems.  Consumer reports confirm defendants' online "chat" service routinely fails to provide refunds, remedy the unauthorized charges, provide the promised 30-day free trial, return the product, or otherwise void the MagicJack purchase. Defendants also do not staff the customer support in any meaningful way.  Out of repeated frustration and defendants' purposeful delay, consumers simply opt to absorb the illegal charges.

7.      Plaintiff was a victim of defendants' scheme.  After watching MagicJack's television advertisement, plaintiff purchased the product for personal use.  Defendants obtained plaintiff's debit card information when he ordered the MagicJack free trial from defendants' website.  Defendants immediately charged plaintiff's debit card $46.90.  Based

3

on defendants' promises of a "Risk Free" 30-day trial period, plaintiff neither authorized nor expected this charge. Plaintiff repeatedly tried to void the purchase and obtain a refund.

8.      Defendants victimized plaintiff and other similarly situated consumers throughout the country, using materially similar false and misleading advertising and illicit billing practices. Defendants have reaped substantial financial rewards and ill-gotten gains by their unlawful conduct.

**JURISDICTION AND VENUE**

9.      This Court has diversity jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of California. Defendant MagicJack is a limited partnership under Delaware law with its principal place of business in West Palm Beach, Florida. Defendant YMAX Corp. is a corporation incorporated under Delaware law with its principal place of business in West Palm Beach, Florida. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332(d)(2).

10.      Venue is proper in this District because one or more defendants reside in this District and the acts upon which this action is based occurred in substantial part in this District.

**THE PARTIES**

11.      On personal knowledge, plaintiff Harry Abramowski is a citizen of California. Mr. Abramowski purchased a MagicJack from defendants on or about July 1, 2008. His account was immediately debited $46.90 within days of his purchase – and during the purported 30-day "free trial" period. When he attempted to return the product and void the sale during the 30-day return period, plaintiff was unable to do so. Plaintiff suffered injury in

4

fact, a loss of money or property and the use of money or property, and expended time in attempting to secure a refund, all as a result of defendants' unlawful acts and practices.

12.     Defendant MagicJack LP is a Delaware limited partnership with its principal place of business in West Palm Beach, Florida. At all relevant times, MagicJack LP operated and conducted business in this District.

13.     Defendant YMAX Corp. is a Delaware corporation with its principal place of business in West Palm Beach, Florida. At all relevant times, YMAX Corp. operated and conducted business in this District.

14.     Defendant Daniel Borislow is a citizen of Florida. Mr. Borislow is the CEO, President, and 100% stockholder of YMAX Corp. Mr. Borislow is the purported inventor and a spokesperson for the MagicJack product.

## CLASS ALLEGATIONS

15.     Plaintiff brings this action individually and as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following (the "Class"): All persons and entities who purchased MagicJack and whose credit or debit cards were improperly charged during the 30-day period following their MagicJack purchase at any time during the period beginning four years prior to the commencement of this action and continuing through the present (the "Class Period"). The Class excludes defendants, their officers, employees, representatives, families, and the Court.

16.     Class members are so numerous that joinder of all members is impracticable. There are thousands of individuals and entities whose claims are similar to plaintiff's claims.

17.     Plaintiff's claims are typical of Class members' claims, as plaintiff and all Class members were similarly victimized by defendants' common scheme to falsely

5

advertise defendants' billing and return practices, immediately and without authorization charge their credit and debit cards, and fail to reimburse consumers for the unlawful charges, provide the promised free-trial period, or otherwise void the purchase when requested. Class members have sustained damages arising from defendants' wrongful conduct in the same manner that plaintiff has sustained damages from defendant's unlawful conduct. Plaintiff has no antagonistic interests in material or irreconcilable conflict with the Class.

18.     Plaintiff will fairly and adequately protect the Class's interests. Plaintiff's claims are coextensive with, and not antagonistic to, the claims of other Class members. Plaintiff is willing and able to vigorously prosecute this action on the Class's behalf, and has retained competent and experienced counsel.

19.     Common questions of law and fact exist as to all Class members and predominate over questions that affect only individual Class members. Among the questions of law and fact common to the Class are:

(a)     whether defendants' MagicJack advertisements were false and misleading;

(b)     whether defendants or any third party acting on defendants' behalf without authorization charged Class members' credit or debit cards during the 30-day "Risk Free" trial period;

(c)     whether defendants prevented or frustrated consumers' attempt to obtain reimbursements for the unauthorized charges or return the product;

(d)     whether defendants are subject to Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.*;

(e)     whether defendants negligently, recklessly, or willfully violated the law;

(f)     whether Class members are entitled to damages, and if so, how much; and

(g)     whether the Class members are entitled to injunctive relief.

6

20.     Plaintiff brings this action under Rule 23(b)(3) because the common questions of law and fact predominate over issues that are individual to Class members.  In addition, the expense of litigating each Class member's claims individually would be so cost prohibitive as to deny Class members a viable remedy.   Rule 23(b)(3) certification is appropriate because a class action is superior to other available methods for the fair and efficient adjudication of the action, and plaintiff envisions no difficulties in managing this action as a class action, for defendants did or should retain records of the improper charges billed to Class members' credit and debit cards.  Notice of the pendency of this action and any resolution thereof can be accomplished by a combination of publication and direct notice to those Class members whose names and addresses are of file with defendants.

21.     Plaintiff also brings this action under Rule 23(b)(2), because defendants have acted or refused to act on grounds generally applicable to all Class members, thereby making final injunctive relief on behalf of the entire Class appropriate.  Without proper injunctive relief, defendants will continue to operate their uniform and systematic scheme, and their uniform misconduct toward plaintiff and other Class members renders certification under Rule 23(b)(2) appropriate.

## FACTUAL ALLEGATIONS

22.     Defendants uniformly market and sell MagicJack with a "100% Risk Free" trial period. Defendants sell MagicJack and its related services for use throughout the United States.  Defendants generate millions of dollars each year by providing MagicJack products and services to consumers nationwide.

7

23.     Defendants advertise to the public that consumers can try the MagicJack product for 30 days, free of charge. Through television infomercials and over the Internet, MagicJack assures consumers of a risk-free, trial period to sample the product.

24.     Defendants have spent millions of dollars in targeting consumers through a nationwide television infomercial marketing campaign.     In June 2008, for example, defendants ran television infomercials on the MSNBC cable channel. One such infomercial ran under the auspices of the "$avings Shopping Network" and promised consumers the following:

> "MagicJack Regular Price: $69.95 SAVINGS VALUE OF THE DAY!!! Includes first year of free calling! You Pay Nothing For The First 30 days."
>
> "100% Risk Free YOU OWE NOTHING"
>
> "Listen to this... You can't pay for it today. No. We're going to send it out to you to try, for 30 full days. If you are not totally in love with the MagicJack you send it back, you owe nothing because we didn't charge you a penny in the first place to send it out. We'll even cover the postage to return it."

25.     In July 2008 defendants ran a 30-minute infomercial on national cable television. During the 30-minute paid advertisement defendants claimed to have sold 6,599 MagicJacks. Defendants did so by promising consumers the following:

> "MagicJack makes your monthly telephone bill disappear."
>
> "It is so so easy to use. We say it's as easy as 1-2-3... There is no software involved with this, there is no downloads. The MagicJack is completely self contained."
>
> "Now if that wasn't exciting enough, listen to this. You can't pay for it today. No. We are not going to take your money. You can't pay for this today. Here's why. We are so convinced you are going to love the MagicJack. We are so convinced you are gonna fall in love with the service, you are gonna fall in love with the quality. You are gonna fall in love with the free calling that we want to send it out to you absolutely free. That's right you are gonna get your MagicJack absolutely free. We are going to send it out to you to try for 30 full days. We want you to call all the friends. We want you to call all

8

the neighbors. We want you to call everyone you know. Anywhere in the US and Canada. Talk as long as you want for 30 days. If you are not totally in love with the MagicJack at the end of 30 days, you send it back. You owe nothing because we didn't charge you a penny in the first place to send it out. You send it back no questions asked. You owe nothing. And in fact we'll even cover the postage to return it."

"Its even so simple I sent one to my 92-year old mother."

"Now the best part about the MagicJack is it's not even a 30-day money back guarantee! Forget that! *You don't pay a penny today. You don't pay a cent! Not one single cent to try the MagicJack.* They are going to send you the MagicJack out absolutely free."

"At the end of the 30 days if you are not in love with the MagicJack like everybody else is, simply send the MagicJack back and you owe nothing. They'll even cover the cost to return it."

"You can try it absolutely free in your home. No risk for 30 days. Without risking a single penny."

*"It's free!  Really free because we are gonna send you the MagicJack out absolutely free.  That's right.  You are not going to pay a penny, not a cent, not a centavo, zero, nada, nothing for the first 30 days."*

"If at the end of 30 days you don't think this is the most brilliant, amazing piece of technology. If you haven't fallen in love with the MagicJack then simply send it back and you owe nothing, no questions asked. *And this deal is so risk free we'll even cover the postage to return it."*

26.      Defendants' website also highlights the "100% Risk FREE – you pay nothing" promise.

9





27.     Contrary to their public advertising and repeated written assurances, defendants require consumers to pay up front for this "free trial," but fail to inform consumers of this material fact. Defendants immediately charge the credit and debit cards of MagicJack purchasers, including plaintiff and Class members. Without authorization and before expiration of the trial period, defendants automatically charge consumers' credit and debit cards approximately $40.00. Plaintiff and class members therefore are charged for the MagicJack product before the 30-day free trial period expires.

28.     In addition, contrary to defendants' explicit promises to pay for all costs to return the product, defendants admit their practice is to the contrary. Buried on defendants' website is the following page:

11



29.     Defendants obtain Class members' credit and debit card information at the time they request the "risk free" 30-day trial under the guise of securing the consumer's order.  Defendants nonetheless charge plaintiff's and Class members' credit or debit card accounts within the 30-day risk-free trial period.  Unless a Class member is informed by a third party about the charge on his credit or debit card -- and then persuades defendants to cancel the MagicJack subscription and credit his account -- the Class member is charged approximately $40.00.  A debit card transaction is even worse, for the money is immediately taken from the Class member's checking or savings account.

30.     Defendants have been the subject of thousands of complaints received by the Better Business Bureau ("BBB").  For example, the BBB of Southeast Florida has issued defendants its lowest possible rating, an "F."  The BBB issues "F" ratings only to those companies where:

> We strongly question the company's reliability for reasons such as that they have failed to respond to complaints, their advertising is grossly misleading, they are not in compliance with the law's licensing or registration requirements, their complaints contain especially serious allegations, or the company's industry is known for its fraudulent business practices.

12

31. The BBB describes the complaints against defendants as follows:

Our file contains a pattern of complaints from consumers who allege they were offered a free thirty-day trial period for their product. After accepting the offer, consumers allege funds were withdrawn from their account before the end of the free thirty-day trial period. Consumers also allege experiencing difficulty in contacting the company and receiving refunds.

This same unlawful conduct was suffered by plaintiff, by Class members, and plaintiff and the Class seek redress for these unlawful practices.

32. If consumers ever discover the improper charges on their credit or debit card statements, they often are unable to void the purchase or obtain refunds. Defendants' practices appear designed to frustrate consumers who seek refunds. Although consumers can order MagicJack by telephone, after accepting the offer of a MagicJack free trial, consumers are forced to submit returns using an online "chat" service to contact defendants concerning problems. Consumer reports confirm defendants' online "chat" service routinely fails to provide refunds, remedy the unauthorized charges, provide the promised 30-day free trial, return the product, or otherwise void the MagicJack purchase. Nor do defendants staff their customer support in any meaningful way. Out of repeated frustration and defendants' purposeful delay, consumers simply opt to absorb the illegal charges.

33. Defendants' failure to abide by their oral and written promises, failure to disclose the true facts about their billing practices, and failure to provide any remedy at all to aggrieved consumers, has caused substantial harm and injury in part to plaintiff and Class members. As a result of defendants' fraud and deceit, plaintiff and Class members have been damaged in an amount to be proven at trial, including, without limitation, the amounts charged against their credit and debit cards during the 30-day free trial period, any related incidental charges, and any associated out-of-pocket expenses or other consequential or

13

incidental damages, plus interest thereon. Such conduct is also the result of malice, fraud or oppression, requiring the payment of exemplary damages.

34. Class members and the general public (such as potential consumers) have been exposed to one or more of defendants' uniform misrepresentations or omissions of material fact. Due to the use of materially similar representations and assurances, defendants' false and misleading statements were uniformly made to all Class members. The act of charging consumers' credit or debit cards within the free trial period was consistent and contrary to defendants' misrepresentations and omissions of material fact, forming a material part of the transactions at issue. In addition, Class members either acted or can reasonably be presumed to have acted in response to the representations contained in defendants' uniform statements about MagicJack billing practices and return policies.

35. Most persons possess limited knowledge of such a potential for misleading statements and would not reasonably expect that defendants' misrepresentations about MagicJack were untrue. Class members can reasonably be expected to believe defendants would not misrepresent significant facts about billing practices and return policies.

36. Class members have paid such amounts and not received a return, credit or cancellation of the improper charges they paid, with interest thereon, and thus are currently owed such amounts.

37. Defendants failed to abide by their legal obligations and disclose the true facts, and their infringement of the Class members' rights and the rights of the general public was ongoing through the Class Period and continue through this date.

38. Any applicable statute of limitations has been tolled by defendants' affirmative acts of fraudulent concealment, suppression, and denial of the true facts regarding

14

MagicJack billing practices and return policies.   Through their fraudulent concealment, defendants were able to withhold the truth from the Class, thereby tolling the running of any applicable statute of limitations.  Defendants' illegal conduct persists, and they refuse to take responsibility for their actions despite receiving numerous consumer complaints and unfavorable BBB ratings.

## COUNT I

### Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq.* (Against All Defendants)

39.    Plaintiff incorporates and realleges paragraphs 1-38 as though fully set forth herein.

40.    Defendants' acts and practices constitute acts of deceptive and unfair trade practices within the meaning of Florida Statute §§ 501.201 *et seq.*

41.    Defendants have engaged in deceptive trade practices because their business acts and practices had a tendency and likelihood to deceive consumers to whom such conduct was and is targeted by claiming, either expressly or impliedly, a "100% Risk Free 30 Day Free Trial" period during which consumers would not be charged for their use or return of the MagicJack product.

42.    Plaintiff and Class members were deceived by defendants' promises because they reasonably believed they would not be charged for the MagicJack product until expiration of the 30-day free trial period.

43.    Further, defendants' deceptive advertising led plaintiff and Class members to reasonably believe they could return the MagicJack product without any charge any time during or slightly after the 30-day free trial period.  Contrary to defendants' promises, plaintiff and Class members not only were charged during the 30-day free trial period,

15

plaintiff and Class members were unable to void the purchase, were deterred from obtaining refunds for the unauthorized charges, and were left without remedy or recourse, due to the defendants' bogus return program, ensuring defendants received their money no matter whether plaintiff and Class members were dissatisfied with the product.

44. Defendants' misconduct also is "unfair" under Florida's Deceptive and Unfair Trade Practices Act because it offends established public policy, is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

45. Defendants' deceptive and unfair trade practices continue to this day and present an ongoing threat to consumers. Defendants continue to misrepresent their MagicJack product as including a "100% Risk Free 30 Day Free Trial" period. Defendants' written and oral advertisements and promises to plaintiff and the Class are false and misleading.

46. Under Florida Statute § 501.211(1), plaintiff and the Class seek declaratory judgment and injunctive relief to prohibit defendants from continuing to engage in their deceptive and unfair business acts and or practices set forth herein. Plaintiff and Class members may be without an adequate remedy at law, rendering declaratory relief appropriate because:

(a) damages may not adequately compensate Class members for the injuries suffered, nor may other claims permit such relief;

(b) the relief sought herein in terms of ceasing such practices, providing a full and complete corrective disclosure or declaring there is no obligation of Class members to pay any amounts charged within the 30-day free trial period may not be fully accomplished by awarding damages;

(c) if the conduct complained of is not enjoined, Class members and the consuming public will continue to be harmed because defendants' wrongful conduct is continuing, claims are unresolved, persons are entitled to the direct monies taken from them, defendants may be adversely affecting Class

16

members' credit histories, and the obligation for many Class members or members to continue to pay such sums may still be outstanding; and

(d)    Class members and the general public may suffer irreparable harm if a determination of the parties' rights and obligations is not ordered.

47.    Accordingly, plaintiff and the Class request the Court issue an order granting the following relief:

(a)    a judicial determination and declaration be made of the rights of Class members or the consuming public, and defendants' corresponding responsibilities;

(b)    defendants be ordered to provide notice in clear and conspicuous language to customers of their true billing practices associated with the purchase of any MagicJack product, the true nature of the charges made to consumers' credit and debit cards by defendants, and to make such charges consistent with their representations and legal obligations; and

(c)    an order declaring defendants obligated to pay restitution to all Class members as appropriate and otherwise pay over all funds defendants wrongfully acquired, either directly or indirectly, as a result of imposing improper charges under false pretenses, which unjustly enriched defendants.

48.    Plaintiff and Class members were damaged by defendants deceptive and unfair trade practices. Plaintiff and Class members seek to recover all damages from defendants' violation of Florida Statute §§ 501.201 *et seq.*, including statutory damages of $15,000 per violation for consumers who qualify as "senior citizens" or "handicapped persons" under Florida's Deceptive and Unfair Trade Practices Act § 501.2077. Plaintiff and Class members also seek payment of attorney's fees and costs and such other relief as deemed appropriate and proper by the Court.

## COUNT II

### Breach of Contract
### (Against All Defendants)

17

49.     Plaintiff incorporates and realleges paragraphs 1-48 as though fully set forth herein.

50.     By purchasing the MagicJack product in response to defendants' offer to provide them with a 30-day free-trial period, plaintiff and Class members entered into an express or implied-in-fact agreement, or incurred obligations through an implied-in-law contract with defendants, where they contracted and warranted that at least 30 days pass before defendants would make any charges against plaintiff's and Class members' credit and debit cards.

51.     Defendants' uniform agreements also contain an implied covenant of good faith and fair dealing, which is imposed as a matter of law in all agreements, that also prohibit imposing such billing charges as described. Defendants' reasons for refusing to comply with their contractual obligations could not reasonably be discovered by plaintiff and Class members at the time they entered into these agreements.

52.     Defendants breached these contracts, covenants, and warranties by misrepresenting the "100% Risk Free 30 Day Free Trial" and other explicit promises in their advertisements or by interpreting the agreements in such a way as to make them unconscionable and therefore void or voidable. Plaintiff and Class members either were willing to abide by all conditions legally imposed upon them under the agreements or have complied with them.

53.     Defendants' breach of these contracts, covenants and warranties caused plaintiff and Class members to suffer damages in an amount to be proven at trial. In addition, defendants were unjustly enriched by imposing and collecting improper and unauthorized credit or debit card charges and must restore plaintiff and Class members to

their original position by returning such monies and paying full restitution. Plaintiff and Class members are entitled to a Court order requiring defendants to pay prejudgment interest and to comply with their legal contractual obligations or voiding such agreements as being unconscionable as interpreted by defendants.

## COUNT III

### Negligent Misrepresentations
### (Against All Defendants)

54. Plaintiff incorporates and realleges paragraphs 1-53 as though fully set forth herein.

55. Defendants had a duty to provide Class members with truthful and complete information about the "100% Risk Free 30 Day Free Trial" period they offered in terms of abiding by the representations they made to consumers at the time of purchase.

56. In uniform communications advertising a "100% Risk Free 30 Day Free Trial," defendants unreasonably believed or claimed that their representations were true, when in fact they were not. As a result, defendants did not reasonably make representations of material fact regarding the bases for charging such amounts in light of the contrary information available to them, and breached their duty to plaintiff and Class members to make truthful and accurate representations regarding such facts.

57. In justifiable response to defendants' misrepresentations of material fact, and in ignorance of the true facts, plaintiff and Class members were charged improper or illegal credit charges.

58. As a proximate result of the foregoing conduct, plaintiff and Class members have suffered damages, in an amount to be proven at trial.

## COUNT IV

## Fraud
### (Against All Defendants)

59.   Plaintiff incorporates and realleges paragraphs 1-58 as though fully set forth herein.

60.   During the Class Period defendants, in their uniform oral and written statements and TV infomercials, uniformly represented a "100% Risk Free 30 Day Free Trial" period accompanied each MagicJack sale.  These representations, uniformly made either directly or indirectly by defendants, constitute material representations of fact.

61.   Defendants' representations were false and misleading because they affirmatively misrepresented the timing and nature of the credit and debit card charges imposed after the purchase of the MagicJack product and service, or because they omitted material facts having made representations that were misleading as a result of failing to disclose such material facts.

62.   Defendants were and are in a superior position to know the true facts contradicting these material misrepresentations, but concealed the material facts from plaintiff and Class members.  Having spoken on the issue, defendants owed a duty to fully and adequately disclose to plaintiff and Class members the material facts that such amounts were improperly charged, were illegal to impose and were not imposed in the manner explicitly represented.   Such disclosure was necessary to make defendants' other representations of fact not misleading for want of disclosure of such omitted facts.

63.   Defendants' representations and omissions of material fact about their MagicJack billing practices were made willfully or with reckless disregard for the actual facts contradicting the misrepresentations at issue, as well as the reasonable expectations of

their customers, including plaintiff and Class members, that they would not be exposed to such misstatements. Plaintiff and Class members have a right to be free from infringement upon their legal rights as a result of such practices, and by such conduct defendants infringed upon such rights. By uniformly misrepresenting to customers that the "100% Risk Free 30 Day Free Trial" included no credit or debit card charges via nationally televised infomercials and the MagicJack website, defendants intended to and did defraud plaintiff and Class members.

64.     Plaintiff and Class members, unaware of the falsity of defendants' misrepresentations about their billing practices, paid and continue to pay amounts that were improper or illegal to charge. If the true facts had been disclosed, plaintiff and Class members would not have been injured or damaged.

65.     As a result of defendants' fraud and deceit, plaintiff and Class members have been damaged in an amount to be proven at trial, including, without limitation, the amounts charged against their credit and debit cards during the 30-day free trial period, any related incidental charges, and any associated out-of-pocket expenses or other consequential or incidental damages, plus interest thereon. Such conduct is also the result of malice, fraud or oppression, requiring the payment of exemplary damages.

## COUNT V

### Federal Communications Act, 47 U.S.C. § 201(b)
### (Against All Defendants)

66.     Plaintiff incorporates and realleges paragraphs 1-65 as though fully set forth herein.

67.    As a VoIP service provider, defendants are subject to the provisions of the Federal Communications Act. Section 201(b) of the FCA requires, "All charges, practices, classifications, and regulations for and in connection with [the provision of long distance telephone services] shall be just and reasonable, and any such charge, practice, classification, or regulation that is unjust or unreasonable is declared to be unlawful."

68.    Defendants' practice of charging customers before the expiration of their "100% Risk Free 30 Day Free Trial" was unjust and unreasonable, in violation of Section 201(b) of the Federal Communications Act, 47 U.S.C. § 201(b).

69.    Plaintiff and Class members suffered damages and will continue to suffer damages as a result of the above-described violations and defendants' failure to refund previously collected monies, in an amount to be determined at trial.

70.    Pursuant to Sections 206 and 207 of the Federal Communication Act, 47 U.S.C. §§ 206 & 207, among other forms of relief, plaintiff and Class members are entitled to recover the full amount of damages sustained due to defendants' above-described violations and obtain appropriate injunctive relief, together with reasonable attorneys' fees and costs.

## COUNT VI

### Money Had and Received:  Unjust Enrichment
### (Against All Defendants)

71.    Plaintiff incorporates and realleges paragraphs 1-69 as though fully set forth herein.

72.    Due to defendants' illegal conduct, plaintiff and Class members conferred benefits on defendants – the loss of monies through unauthorized credit and debit card transactions.  Defendants received and retained these benefits under such circumstances that

22

it would be inequitable and unconscionable to permit them to retain the benefits without returning their reasonable value to plaintiff and Class members.

73.    As a direct and proximate result of defendants' unjust enrichment, plaintiff and Class members suffered injury and therefore seek an order directing defendants to return to them the amount each of them improperly was required to pay to defendants, plus interest thereon.

## COUNT VII

### Conversion
### (Against All Defendants)

74.    Plaintiff incorporates and realleges paragraphs 1-72 as though fully set forth herein.

75.    Due to defendants' illegal conduct, plaintiff and Class members lost monies through unauthorized credit and debit card transactions.   Defendants have wrongfully asserted dominion over the Class's property and by receiving and retaining such monies, defendants are exerting wrongful dominion over Class property in a manner that is inconsistent with the Class's ownership of the improperly debited funds.

76.    Plaintiff and Class members have been deprived of their property and therefore seek an order directing defendants to return to them the amount each of them improperly was required to pay to defendants, plus interest thereon and all other appropriate relief.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, individually and on behalf of all Class members, prays for judgment against defendants, and each of them, jointly and severally, as follows:

23

A.  an order certifying the plaintiff Class and appointing plaintiff and his counsel to represent the Class;

B.  declaratory, equitable and injunctive relief;

C.  actual, direct, incidental, consequential, statutory and exemplary damages;

D.  pre- and post-judgment interest;

E.  attorney's fees and costs of suit; and

F.  for such other and further relief this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Dated: ~~September~~ October 3 , 2008

Respectfully submitted,

William C. Wright (FL Bar #0138861)
THE LAW OFFICES OF WILLIAM C.
WRIGHT, PA
319 Clematis Street, Suite 109
West Palm Beach, FL 33401-4615
Telephone: 561.514.0904
Facsimile: 561.514.0905
Email: willwright@wrightlawoffice.com

**OF COUNSEL:**
Joe R. Whatley, Jr.
Edith M. Kallas
WHATLEY DRAKE & KALLAS, LLC
1560 Broadway, 37th Floor
New York, New York 10036
Phone: 212.447.7070
Fax: 212.447.7077
Email: jwhatley@wdklaw.com
        ekallas@wdklaw.com

Andrew H. McElroy, III
W. Tucker Brown
WHATLEY DRAKE & KALLAS, LLC
2001 Park Place North

24

Suite 1000
Birmingham, AL 35203
Phone: 205.328.9576
Fax: 205.328.9669
Email: tmcelroy@wdklaw.com
       tbrown@wdklaw.com

William James Doyle, II
John Allen Lowther, IV
DOYLE LOWTHER, LLP
9466 Black Mountain Road
Suite 210
San Diego, CA 92126
Phone: 619.573.1700
Fax: 619.573.1701
Email: bill@doylelowther.com
       john@doylelowther.com

%JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

D.C.

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed C**

ELECTRONIC

**OCT. 3, 2008**

| I. (a) PLAINTIFFS | DEFENDANTS | |
|---|---|---|
| HARRY ABRAMOWSKI, individually and others | MAGICJACK LP, YMAX CORP, DANIEL BORISLOW | STEVEN M. LARIMORE CLERK U.S. DIST. CT. S.D. OF FLA. - MIAMI |

**(b)** County of Residence of First Listed Plaintiff  SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   PALM BEACH
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

William C. Wright, P.A.
319 Clematis Street, Suite 109
West Palm Beach, FL 33401

Attorneys (If Known)

08CV 81133   KLR/AEV

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☑ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
     Plaintiff

☐ 3  Federal Question
     (U.S. Government Not a Party)

☐ 2  U.S. Government
     Defendant

☑ 4  Diversity
     (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☑ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization | | ☐ 950 Constitutionality of State |
| | Employment | ☐ 550 Civil Rights | Application | | Statutes |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien | | |
| | Other | | Detainee | | |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original
     Proceeding

☐ 2 Removed from
     State Court

☐ 3 Re-filed-
     (see VI below)

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     another district
     (specify)

☐ 6 Multidistrict
     Litigation

☐ 7 Appeal to District
     Judge from
     Magistrate
     Judgment

**VI. RELATED/RE-FILED
CASE(S).**

(See instructions
second page):

a) Re-filed Case ☐ YES ☐ NO          b) Related Cases ☐ YES ☐ NO

JUDGE                                              DOCKET NUMBER

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

BREACH OF CONTRACT

LENGTH OF TRIAL via  20   days estimated (for both sides to try entire case)

| VIII. REQUESTED IN COMPLAINT: | ☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ 5,000,001.00 | CHECK YES only if demanded in complaint: JURY DEMAND: ☑ Yes ☐ No |
|---|---|---|---|

ABOVE INFORMATION IS TRUE & CORRECT TO
THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
s/William C. Wright

DATE
October 3, 2008

FOR OFFICE USE ONLY

AMOUNT  350 00   RECEIPT #          IFP

724834