## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| HARRY ABRAMOWSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MAGICJACK LP, a Delaware limited partnership;<br>YMAX Corp., a Delaware corporation; and<br>DANIEL BORISLOW,<br><br>Defendants. | Civil Action No. 08-CIV-81133-RYSKAMP/VITUNAC |

## DEFENDANTS' ALTERNATIVE MOTION REQUIRING PLAINTIFF TO POST A BOND AND ACCOMPANYING MEMORANDUM IN SUPPORT

Under Florida's Deceptive and Unfair Trade Practices Act, defendants have the right to file a threshold motion "alleging that the action is frivolous, without legal or factual merit, or brought for the purpose of harassment." Fla. Stat. § 501.211(3). In response, after reviewing evidence regarding the need for a bond, the Court may order one in an amount sufficient to indemnify the defendants for any potential damages the suit may cause, including attorneys' fees.

This case is frivolous and without legal or factual merit. Plaintiff alleges, for example, that when he purchased a magicJack®, defendants falsely represented that they would not charge his account for 30 days. The contemporaneous electronic record, however, shows that defendant magicJack LP lived up to that representation. Plaintiff alleges further that he suffered damages because he could not return the magicJack®. But, the contemporaneous electronic record shows that he was sent a refund form, did not submit it, and, indeed, continues to use his magicJack® to

this day.  If these and similar defects were not sufficiently flagrant, plaintiff compounded them by haphazardly suing parties who never dealt with him and who, as a shareholder, officer, or limited partner, are insulated from liability.

Defendants therefore ask that the Court, after such review of the evidence as it deems appropriate, set such bond here to cover defendants' potential damages from this suit.

## ARGUMENT

### I.    The FDUTPA Protects Defendants Against Claims That Lack Factual or Legal Merit

FDUTPA declares "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce" to be unlawful. Fla. Stat. § 501.204(1).  The FDUTPA creates a private cause of action for declaratory and injunctive relief for "anyone aggrieved by a violation," and a private cause of action for actual damages, attorneys' fees, and court costs for "a person who has suffered a loss as a result of a violation." *Id.* § 501.211(1).

To avoid abuse of the powerful tool offered plaintiffs, the statute protects defendants from unsupported charges of deception.  Thus, when a defendant files a motion alleging that a FDUTPA claim "is frivolous, without legal or factual merit, or brought for the purpose of harassment," the court may determine whether the plaintiff should post bond to indemnify the defendant for damages, including attorneys' fees, should the defendant prevail. *Id.* § 501.211(3).[1]  The purpose of the bond "is to provide defendants an opportunity for redress for

---

[1]    Section 501.211(3) states in full:

> In any action brought under this section [501.211], upon motion of the party against whom such action is filed alleging that the action is frivolous, without legal or factual merit, or brought for the purpose of harassment, the court may, after hearing evidence as to the necessity therefor, require the party instituting the action to

Footnote continued on next page

2

harassment rather than to discourage plaintiffs from seeking access to the courts." *Hamilton v. Palm Chevrolet-Oldsmobile, Inc.*, 366 So.2d 1233, 1234 (Fla. Dist. Ct. App. 1979). Thus, in deciding whether to require the plaintiff to post a bond, the court -- although the case is just starting -- should consider evidence "directed toward the merits of the cause of action which is being prosecuted under the statute." *Id.* at 1235.

## II.     Plaintiff's FDUTPA Claim Lacks Merit

The evidence here reveals that plaintiff's claim under FDUTPA has no factual or legal basis. Plaintiff's primary complaint is that he was "deceived by defendants' promises because [he] reasonably believed [he] would not be charged for the MagicJack product until the expiration of the 30-day free trial period." Compl. ¶ 42. However, the transactions here were electronic, and the facts are clear: plaintiff placed his order on June 28, 2008 and magicJack LP did not seek or receive any payment from the plaintiff until July 28, 2008, at the expiration of the 30-day period. *See* Borislow Decl. ¶ 12. The transaction occurred exactly as magicJack LP represented to customers on its website. *See* Borislow Decl. ¶¶ 5, 7.

Plaintiff further asserts that, within the 30-day trial period, he was "unable to void the purchase," was "deterred from obtaining refunds for the unauthorized charges," and was "left without remedy or recourse, due to the defendants' bogus return program, ensuring defendants received their money no matter whether" plaintiff was "dissatisfied with the product." Compl. ¶ 43. Again, the contemporaneous records belie plaintiff's assertion: plaintiff first complained to magicJack LP and requested a refund on July 30, 2008, two days *after* the expiration of the 30-

---

Footnote continued from previous page

        post a bond in the amount which the court finds reasonable to indemnify the defendant for any damages incurred, including reasonable attorney's fees. This subsection shall not apply to any action initiated by the enforcing authority.

day period.  *See* Borislow Decl. ¶ 13.  Moreover, even though the 30-day period had expired, magicJack LP still sent plaintiff a Return Merchandise Authorization form on that day, which he could have used.  *See id.*  He did not.  He never returned the refund form and kept the product. Indeed, he continued to use it to make free phone calls through the filing of this suit.

In short, contemporaneous electronic records show that, contrary to his allegations, plaintiff did *not* pay magicJack LP for the magicJack® within the 30-day trial period.  They reflect *no* attempt to return a magicJack® within that timeframe.  And they show that plaintiff suffered no injury.  Indeed, for plaintiff to claim damages even though he failed to return the magicJack® when given the opportunity and in fact *continued to use* the product since then, is, at best, frivolous, and potentially deceptive.

Plaintiff's assertions against defendants YMax Corporation and Daniel Borislow suffer from additional problems.  magicJack LP -- which advertises, sells, distributes, and otherwise interacts with potential purchasers of the magicJack® -- is a limited liability partnership.  *See* Borislow Decl. ¶ 3.  magicJack LP consists of one limited partner, YMax Corporation, and one general partner, YMax Holdings Corporation.  *See id.* ¶ 4.  YMax Corporation is a holding company; it does not operate any businesses.  *See id.*  Daniel Borislow is the inventor of magicJack and a shareholder in YMax Corporation; he is an officer but has no partnership interest in magicJack LP.  *See id.* ¶¶ 2, 4.

The only defendant that could potentially be liable to plaintiff (if, contrary to fact, his claim were true) is magicJack LP.  YMax Corporation and Daniel Borislow did not contract with plaintiff or provide any customer service to plaintiff.  *See* Borislow Decl. ¶ 4.  As a limited liability partner, YMax Corporation has no responsibility for magicJack LP's conduct or obligations.  *See* Fla. Stat. Ann. § 620.1303 ("An obligation of a limited partnership, whether

arising in contract, tort, or otherwise, is not the obligation of a limited partner."). As an officer

of magicJack LP who did not personally contract with plaintiff or provide any customer service

to him, Daniel Borislow is equally insulated from magicJack LP's obligations. *See, e.g., Ryan v.*

*Wren*, 413 So.2d 1223, 1224 (Fla. Dist. Ct. App. 1982) ("An officer of a corporation cannot be

held liable in his individual capacity unless he either signed the contract in his individual

capacity or unless the corporate veil was pierced...."). There is no basis to hold YMax

Corporation or Daniel Borislow liable for plaintiff's claims.

**III.    This Court Should Set Bond In An Amount Sufficient to Cover Defendants'**
**Attorneys' Fees In This Case**

Any defendant that prevails on the FDUTPA claims may seek reasonable attorneys' fees

and costs from the plaintiff. *See* Fla. Stat. § 501.2105(1) ("In any civil litigation resulting from

an act or practice involving a violation of this part ... the prevailing party, after judgment in the

trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees

and costs from the nonprevailing party."). With regard to awards of attorneys' fees, this statute

explicitly departs from the usual practice and does not treat a prevailing defendant differently

than a prevailing plaintiff. *Humane Society of Broward County, Inc. v. Florida Humane Society*,

951 So.2d 966, 970-72 (Fl. Dist. Ct. App. 2007). A prevailing defendant, moreover, may obtain

fees reflecting the time his attorneys spent "on the case" rather than merely on the FDUTPA

claim. *See Smith v. Bilgin*, 534 So.2d 852, 854 (Fl. Dist. Ct. App. 1988) (discussing the

analogous situation of an erroneous claim brought under the Consumer Protection Act).   And, a

prevailing defendant may obtain attorney's fees even if the plaintiff's claims against co-

defendant are successful. *Caplan v. 1616 East Sunrise Motors, Inc.*, 522 So.2d 920, 921 (Fl.

Dist. Ct. App. 1988).

In light of these principles and the lack of factual merit of plaintiff's claims -- not to mention the lack of legal merit addressed in defendants' companion motion -- a bond is necessary to ensure that plaintiff will be able to indemnify defendants for their attorneys' fees and costs at the conclusion of this case. Otherwise, defendants could be deprived of "an opportunity for redress" for the failings of this suit. *Palm Chevrolet-Oldsmobile, Inc.*, 366 So.2d at 1234.

## CONCLUSION

In the event plaintiff's FDUTPA claim survives defendants' motion to dismiss, defendants request that the Court grant their motion to set a bond.

Dated: January 15, 2009
       Miami, Florida

Respectfully submitted,

*s/ Benjamine Reid*
BENJAMINE REID
Florida Bar No.: 193522
E-Mail: breid@carltonfields.com
CARLTON FIELDS, P.A.
100 S.E. 2nd Street, Suite 4000
Miami, Florida 33131-9101
Telephone: (305) 530-0050
Facsimile:  (305) 530-0055

Robert N. Weiner
E-Mail: robert.weiner@aporter.com
Matthew Eisenstein
E-Mail: matthew.eisenstein@aporter.com
ARNOLD & PORTER LLP
555 12th Street, NW
Washington, D.C.  20004
Telephone: (202) 942-5000
Facsimile:  (202) 942-5999

*Counsel for Defendants Magicjack LP, Ymax Corp. and Daniel Borislow*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 15 day of January, 2009, I served the foregoing to the following counsel listed on the Service List.

*s/Benjamine Reid*
BENJAMINE REID

**SERVICE LIST**
**Abramowski v. YMAX CORPORATION**
**Case No.:  9:08-CIV-81133-RYSKAMP/VITUNAC**
**United States District Court, Southern District of Florida**
**West Palm Beach Division**

| | |
|---|---|
| WILLIAM C. WRIGHT<br>E-Mail: willwright@wrightlawoffice.com<br>THE LAW OFFICES OF WILLIAM C.<br>WRIGHT, P.A.<br>319 Clematis Street, Suite #109<br>West Palm Beach, Florida  33401-4615<br>Telephone:  (561) 514-0904<br>Facsimile:  (561) 514-0905<br><br>*Attorneys for Plaintiffs, HARRY*<br>*ABRAMOWSKI, individually and*<br>*On behalf of all others similarly situated*<br><br>Via CM/ECF | **OF COUNSEL:**<br>JOE R. WHATLEY, JR.<br>E-Mail: jwhatley@wdklaw.com<br>EDITH M. KALLAS<br>E-Mail: ekallas@wdklaw.com<br>WHATLEY DRAKE & KALLAS, LLC<br>1560 Broadway, 37th Floor<br>New York, New York  10036<br>Telephone: (212) 447-7070<br>Facsimile: (212) 447-7077<br><br>*Attorneys for Plaintiffs, HARRY*<br>*ABRAMOWSKI, individually and*<br>*On behalf of all others similarly situated*<br><br>Via CM/ECF |
| **OF COUNSEL:**<br>ANDREW H. MCELROY, III<br>E-Mail: tmcelroy@wdklaw.com<br>W. TUCKER BROWN<br>E-Mail: trbown@wdklaw.com<br>WHATLEY DRAKE & KALLAS, LLC<br>2001 Park Place North, Suite #100<br>Birmingham, Alabama  35203<br>Telephone: (205) 328-9576<br>Facsimile: (205) 328-9669<br><br>*Attorneys for Plaintiffs, HARRY*<br>*ABRAMOWSKI, individually and*<br>*On behalf of all others similarly situated*<br><br>Via CM/ECF | **OF COUNSEL:**<br>WILLIAM JAMES DOYLE, II<br>E-Mail : bill@doylelowther.com<br>JOHN ALLEN LOWTHER, IV<br>E-Mail: john@doylelowther.com<br>DOYLE LOWTHER, LLP<br>9466 Black Mountain Road, Suite #210<br>San Diego, California  92126<br>Telephone: (619) 573-1700<br>Facsimile: (619) 573-1701<br><br>*Attorneys for Plaintiffs, HARRY*<br>*ABRAMOWSKI, individually and*<br>*On behalf of all others similarly situated*<br><br>Via CM/ECF |

2